Agawam Bank v. Strever, 18 Id. 502, 509; Blossom v. Griffin, 13 Id. 569, 574; French v. Carhart, 1 Id. 96, 102.

When the policy is read in the light of the antecedent and surrounding circumstances, the import of the written language is in harmony with the manifest intention of the parties. The contract covered, and was designed to cover, the hazards incident to the occupation of the building, for the purpose of exhibiting to the public the general processes and results of human skill, in each of the various departments of active and practical industry. The premium was adjusted by the insurers with reference to the nature of the risk; and they cannot justly complain that the property was dedicated to the uses contemplated by them as well as the assured, and embraced in the descriptive terms of the policy. Harper v. Albany Mut. Ins. Co., 17 N. Y. 194, 197; Townsend v. Northwestern Ins. Co., 18 Id. 168, 171; Hoffman v. Ætna Ins. Co., 32 Id. 405.

Other questions were raised on the argument, but we think none of them call for particular discussion. The rulings of the judge were correct, and the liability of the defendants is clear.

The judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.

---

## MAYOR, &c. OF NEW YORK v. SIBBERNS.

### December, 1867.

The liability of a surety upon an official bond is not impaired by a subsequent act of the legislature enlarging the powers and duties of the principal, especially where the acts for which it is sought to hold the surety liable were not done in pursuance of such new authority.

The plaintiffs sued August Sibberns and Michael Ryan, in the New York common pleas, on a constable's bond, in which Sibberns was the principal and Ryan the surety.

The bond was given June 17, 1857, pursuant to 2 *R. L. of* 1813, 397, § 147, and recited that Sibberns had been elected a constable of the eighteenth ward of the city of New York, and was conditioned that he should in all things well and faithfully perform and execute the duties of said office of constable, without fraud, deceit or oppression.

Subsequent to the giving of this bond, the act of 1857 was passed, which enlarged the jurisdiction of the justice's courts, in one of which Sibberns was a constable, and imposed new duties on such constables, in respect to the service of process, and the making of arrests.

Subsequent to the passage of that act, Sibberns made a wrongful levy on two executions on goods of one Redman, and Redman recovered judgment against him for damages, and now procured this action to be brought on the bond to collect the same. The changes in the law by the act of 1857 did not affect the constable's duty in making a levy under the executions in question.

*The court of common pleas* held, on the authority of Pybus *v.* Gibb, 6 *Ell. & B.* 912, that a bond of a surety for the faithful performance of an officer is discharged by the subsequent alteration of the duties of the office, so as to increase or vary the risk of the surety; although the act relied upon as a breach of the condition would have been a violation of the officer's duty, as the office stood before the alteration was made, and that consequently defendant, the surety, was answerable for any omission of his principal occurring up to the time when the duties of the office were increased by law, but was not answerable for any neglect or misconduct after that change. Plaintiffs appealed.

*J. S. Carpentier,* for appellants;—Distinguished the case of Pybus *v.* Gibb as a case of a private bond, such as that, also, in Rochester City Bank *v.* Elwood, 21 *N. Y.* 88; and that, on the ground of public policy, a modification of the duties of a public officer could not be held to discharge the sureties in his bond. Railroad Company *v.* Lindsay, 4 *Wall. U. S.* 650; see, also, Blue *v.* Stout, 3 *Cow.* 354.

*Brainard & Rice,* for defendant Ryan;—Relied upon the cases cited, and insisted that public policy would not justify thus modifying the liability of a surety, but the true remedy was with the legislature, by requiring new bonds.

BY THE COURT.—DAVIES, Ch. J.—It is not claimed that the duties theretofore incumbent on such officers have been changed, but only that additional or new duties have been imposed. Neither is it claimed that the acts for which the constable has been made liable in the present case, by the judgment recovered against him, were done in pursuance of any authority conferred by the act of April 13, 1857.

It is quite clear that they were performed and discharged under and by virtue of the then existing provisions of law, and had no connection whatever with the act of April 13, 1857.

The precise point raised by the appeal has lately been under consideration by this court, and been decided.

In People *v.* Vilas, 36 *N. Y.* 459, we held precisely the opposite doctrine.

In that case, the defendants became the sureties, on January 15, 1850, of one Mahlon P. Jackson, as commissioner for loaning certain moneys of the United States for the county of St. Lawrence. On April 10, 1850, the legislature imposed new obligations on the principal in the discharge of the duties of his office, and it was insisted that the sureties were consequently discharged.

This court thought otherwise, and held that the sureties were not discharged.

That case is decisive of the one now under consideration ; and it is unnecessary to again discuss the question, or again refer to the authorities, which, we believe, fully sustain the result at which we then arrived.

The judgment appealed from must be reversed, and a new trial ordered, costs to abide the event.

A majority of the judges concurred.

Judgment reversed, and new trial ordered, with costs to abide the event.